UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ERVIN WARFIELD WHITBY,** : | |
| Petitioner : | |
| : | CIVIL ACTION NO. 3:15-1967 |
| v. : | |
| : | (Judge Mannion) |
| **KENNETH CAMERON,** : | |
| Respondent : | |

## MEMORANDUM

Petitioner, Ervin Warfield Whitby, an inmate confined in the State Correctional Institution, Houtzdale, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He attacks a conviction imposed by the Court of Common Pleas for York County, Pennsylvania. (Doc. 1). Following careful consideration of the parties' submissions, and for the reasons discussed below, the Court will dismiss the petition as untimely. See 28 U.S.C. §2244(d).

**I.      Background**

On November 10, 2010, following a jury trial in the Court of Common Pleas of York County, Petitioner was found guilty of Robbery (threat of immediate serious injury) under 18 Pa.C.S. §3701(a)(1)(ii) graded Felony 1, as well as Burglary 18 Pa.C.S. §3502(a) graded felony 1, Theft of automobile

18 Pa.C.S. §3902 graded Felony 3, and lesser-included offenses. See Comm of Pa v. Whitby, CP-67-CR-54-2010, Criminal Docket Sheet. On December 20, 2010, Whitby was sentenced to an aggregate sentence of fifteen to thirty years incarceration on all counts. Id.

On April 11, 2011, Petitioner filed a direct appeal to the Pennsylvania Superior Court. Id.

On February 7, 2012, the Superior Court of Pennsylvania affirmed Whitby's judgment of sentence. See Comm. of Pa v. Whitby, 651 MDA 2011 (46 A.3d 809. Pa. Super., Feb. 7, 2012). Whitby did not file for allowance of appeal to the Pennsylvania Supreme Court. See Comm of Pa v. Whitby, CP-67-CR-54-2010, Criminal Docket Sheet.

On February 4, 2013, Whitby filed a pro se petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§9541 *et seq*. See Comm of Pa v. Whitby, CP-67-CR-54-2010, Criminal Docket Sheet. A hearing was held on August 29, 2013. Id.

By Order dated December 30, 2013, the PCRA Court denied Whitby's PCRA petition. Id. A timely appeal was filed with the Pennsylvania Superior Court on January 24, 2014. Id.

On March 18, 2015, the Pennsylvania Superior Court affirmed the

PCRA Court's denial of Whitby's PCRA petition. See Comm. of Pa. v. Whitby, 179 MDA 2014 (120 A.3d 1058, Pa. Super., March 18, 2015).

On April 16, 2015. Whitby filed a timely petition for allowance of appeal to the Pennsylvania Supreme Court. See Comm. of Pa. v. Whitby, 290 MAL 2015 (125 A.3d 777, Pa., Aug. 19, 2015). On August 19, 2015 the Pennsylvania Supreme Court denied Whitby's petition for allowance of appeal. Id.

On October 9, 2015, Petitioner filed the instant petition for writ of habeas corpus. (Doc. 1, petition). A response (Doc. 7) and traverse (Doc. 8) having been filed, the petition is ripe for disposition.

**II.   Discussion**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral

>review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2)(emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of §2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). ("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the

time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt

v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

### A.   Statutory Tolling

In this case, because Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court, his conviction became final on March 8, 2012, or thirty (30) days after the Pennsylvania Superior Court affirmed Petitioner's conviction and sentence. See 42 Pa.C.S.A. §9545(b)(3); Pa.R.App.P. 903; Pa.R.Crim.P. 720(a)(3). Thus, the clock for filing a federal habeas petition began running on March 8, 2012, and Whitby had until March 8, 2013 to file a timely habeas corpus petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Pursuant to 28 U.S.C. §2244(d)(2), when Whitby filed his timely PCRA petition on February 4, 2013, the AEDPA's filing period was statutorily tolled with approximately 32 days of the one (1) year filing period remaining. See Harris, 209 F.3d at 328. Petitioner's PCRA petition was pending until August

6

19, 2015, when the Supreme Court denied his petition for allowance of appeal. Because Whitby's habeas deadline under the AEDPA is not tolled by petitions directed to the United States Supreme Court on collateral attack, see Hubley v. Superintendent, 57 Fed. Appx. 927, 929 (3d Cir. Pa. 2003), his judgment of sentence became final on August 19, 2015. Accordingly, the remaining 32 days of the one-year limit for Petitioner to timely file a federal petition for writ of habeas corpus began on August 19, 2015 and expired on September 21, 2015. The instant petition was not filed until October 9, 2015, eighteen days after the limitations period expired. Even affording Whitby the date of October 5, 2015, the date his petition was signed, his petition is still untimely by fourteen days. Thus, the petition for habeas corpus relief is barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to statutory or equitable tolling.

### B.     Equitable Tolling

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.2003), cert. denied, 540 U.S. 921 (2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception). However, the habeas petitioner bears the burden of demonstrating his

entitlement to equitable tolling and his due diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Cooper v. Price, 82 Fed. Appx. 258, 260 (3d Cir.2003). Moreover, the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt, 326 F.3d at 161. Thus, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored. "Courts must be sparing in their use of equitable tolling" and only permit equitable tolling where "principles of equity would make rigid application of a limitation period unfair." Sistrunk v. Rozum, 674 F.3d 181, 189 (3d Cir.2012).

In Merritt, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims." Merritt, 326 F.3d at 168 (internal citations and quotations omitted). Mere excusable neglect is not sufficient. Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618–19 (3d Cir.1998). The Court of Appeals has identified additional circumstances in which equitable tolling is warranted: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from

asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, and (4) the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. See Yanes v. Nish, 2009 WL 1045884, *2 (M.D. Pa.2009) (Caldwell, J.) (citing Jones, 195 F.3d at 159).

In the present matter, Petitioner does not specifically argue that he is entitled to equitable tolling and he presents no evidence to account for the delay in filing the instant federal petition for writ of habeas corpus. Petitioner does not allege that he has been actively misled by Respondents or the Court, and the record reflects no basis for the argument.

Furthermore, it does not appear that Petitioner's rights were prevented in an extraordinary manner, he fails to allege that he exercised due diligence in investigating and bringing his claim, and he has not alleged that he asserted his rights in the wrong forum. As such, equitable tolling is inapplicable in this matter.

### III.  **Certificate of Appealability**.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of

appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

### IV.  Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED**, and the case will be **CLOSED**. An appropriate order will follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE:** January 29, 2016
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1967-01.wpd